IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| DANA MICHELLE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-05084-CV-SW-BP-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION AFFIRMING**
**COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability insurance benefits ("DIB"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff Dana Michelle Johnson was born in February 1976 and applied for DIB on January 30, 2020, alleging that she became disabled on February 1, 2019. (R. at 227.) Prior to her alleged onset date, Plaintiff had work experience as a housekeeper/cleaner. (R. at 21.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from the following severe impairments: degenerative disc disease, bilateral hip bursitis, bipolar and major depressive disorders, obsessive compulsive disorder, post-traumatic stress disorder, and generalized anxiety disorder. (R. at 14.) The ALJ also observed that there was medical evidence suggesting Plaintiff suffers from headaches, but determined that the headaches were not so limiting as to qualify as a severe impairment. (*Id*.) The ALJ then determined that Plaintiff's impairments

were not medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 15.)

The ALJ then evaluated Plaintiff's Residual Functional Capacity ("RFC"). She found that, due to Plaintiff's impairments, Plaintiff could perform light work with additional limitations: Plaintiff can climb ramps and stairs occasionally, but never ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; must avoid concentrated levels of vibration; and must perform only simple, routine tasks with only occasional changes in work setting. (R. at 17.)

After formulating Plaintiff's RFC, the ALJ found that Plaintiff could not perform her past relevant work, but could perform a number of other jobs that exist in significant numbers in the national economy, including as a mail clerk, router, and marker. (R. at 22.) In reaching this conclusion, the ALJ relied on the testimony of a Vocational Expert ("VE") who testified that Plaintiff could perform these jobs in spite of the limitations in her RFC. (R. at 89.) Consequently, the ALJ concluded that Plaintiff is not disabled.

Plaintiff has now appealed the ALJ's determination, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below, setting out additional facts as needed.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from

the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind, the Court turns to Plaintiff's arguments.

**1. Plaintiff's mental RFC**

Plaintiff first argues that the ALJ erred in failing to include additional limitations in the mental portion of Plaintiff's RFC. (Doc. 8, p. 7.) Specifically, Plaintiff contends that her mental impairments make it difficult for her to interact with others, and that the ALJ erred in failing to include social limitations in the RFC. (*Id.*)

The Court disagrees. Initially, "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Consequently, a claimant's "failure to provide medical evidence with [] information [supporting an alleged limitation] should not be held against the ALJ when there is medical evidence that supports the ALJ's decision." *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008). Further, "the determination of a claimant's RFC at the administrative hearing level is the responsibility of the ALJ alone and is distinct from a medical source's opinion," and the ALJ can identify the limitations in the RFC by "[v]iewing the record as a whole." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing 20 C.F.R. § 404.1546(c)). In particular, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

Here, the ALJ pointed to ample medical evidence suggesting that Plaintiff did not have significant limitations in her ability to interact with others. First, the ALJ cited a plethora of mental

status examinations suggesting that Plaintiff consistently exhibited normal mood, cooperative demeanor, and appropriate judgment in her interactions with others. (R. at 573, 576, 579, 581, 584, 587.) Second, the ALJ cited medical assessments by two doctors—Steven Akeson, Psy.D., and James Morgan, Ph.D.—who reviewed Plaintiff's medical records and found that there was no evidence in the Record to suggest that Plaintiff's mental impairments imposed any severe limitations on her ability to function. (R. at 139, 146.) Third, the ALJ observed that Plaintiff consistently received and responded well to medication for her mental issues, (*e.g.,* R. at 512 (Plaintiff responded well to medication for bipolar disorder), 514 (same)), and "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993). Fourth, the ALJ cited evidence that Plaintiff's daily activities—which included watching her grandchildren and leaving the house each day—were inconsistent with her claim that she could not interact with others. (*E.g.,* R. at 583, 586.)

In her brief, Plaintiff cites evidence—primarily her own testimony—that could support the existence of social limitations. (Doc. 8, pp. 11–12.) However, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009) (citation omitted).

Plaintiff also suggests that the ALJ should have further developed the Record by ordering a medical opinion on Plaintiff's mental limitations. (Doc. 14, pp. 4–5.) "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment. The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (internal citation

omitted). Here, because Plaintiff failed to meet her burden of demonstrating the existence of social limitations, the ALJ was not required to supplement the Record.

In sum, because there is substantial evidence to support the ALJ's conclusion, the absence of social limitations in the RFC is not a reason for reversal.

## 2. Plaintiff's headaches

Plaintiff next argues that the ALJ erred in failing to include her headaches as a "severe" impairment. (Doc. 8, pp. 12–13.) "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

Here, the ALJ cited ample evidence that with medication, Plaintiff's headaches occurred no more than once per week, (R. at 506, 508, 512), as well as an unremarkable head magnetic resonance imaging. (R. at 465.) Plaintiff argues that even one headache per week is sufficient to be considered severe; the reason she offers is that "the vocational expert's testimony indicated this would cause a disabling limitation" because "missing two days per month on a consistent basis" would render Plaintiff unable to work. (Doc. 8, p. 15.) However, there is nothing in the Record to suggest that Plaintiff's headaches would prevent her from working during them, so this argument is unavailing.

Plaintiff also argues that even if her headaches do not qualify as severe, the ALJ should have considered the headaches in combination with Plaintiff's other impairments in determining Plaintiff's RFC. (Doc. 8, p. 16.) The Court disagrees. Initially, Plaintiff offers no evidence suggesting what additional functional limitations, if any, her headaches impose on her—beyond the limitations stemming from her other mental impairments. As a result, there is nothing to suggest that the ALJ's decision would have been different had she explicitly discussed Plaintiff's

headaches in her RFC determination.  *E.g., Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [a claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred.").  Second, the evidence discussed above, which the ALJ used to support her mental RFC determination—including Plaintiff's consistently positive mental status examinations, medical evaluations, and daily activities—also appears inconsistent with Plaintiff's suggestion that her headaches were disabling.  *E.g., Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004 (an ALJ is not required to include nonsevere impairments in a claimant's RFC when those impairments do not meaningfully affect the claimant's ability to work).  Consequently, the Court does not believe the ALJ's analysis of Plaintiff's headaches warrants reversal.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC.  Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATE:** May 16, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT